

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable T. P. Buffington
County Attorney
Grimes County
Anderson, Texas

Dear Sir:

Opinion No. O-6117

Re: Assessing and Collection
of sheriff's fees and
county attorney's fees as
part of the costs of delin-
quent tax suits under the
facts stated.

Your letter of April 28, 1945, requesting the opin-
ion of this department on the question stated therein is
in part as follows:

"I have been requested by our District
Clerk to request an opinion on the follow-
ing:

"Art. 7335 (Vernon's) provides, 'but such
fees shall nevertheless be collected as part
of the costs of suit and applied on the pay-
ment of the compensation allowed the attorney
prosecuting the suit, etc.' Acts 2nd and 3rd
C. S. 1923.

"Art. 7332 (Vernon's) provides where County
Attorney or District Attorney fails to act that:
'and in such instances the fees herein provided
for such officers shall not be assessed or col-
lected.' 42nd Leg. 2nd C. S. 1931.

"Should the District Clerk put the $2.00
attorney's fees as part of the costs?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. T. P. Buffington, page 2

"Where defendant waives citation and sheriff performs no service in the tax suit, shall the sheriff's $2.00 fee be nevertheless assessed by the District Clerk?

"There is a contract for the collection of taxes in Grimes County, the collector of the tax wishes the $2.00 attorney's fee assessed and paid to him."

Article 7332, Vernon's Annotated Civil Statutes, is in part as follows:

"The County or District Attorney shall represent the State and County in all suits against delinquent tax-payers, and all sums collected shall be paid over immediately to the County Collector.

"Before filing suits for the recovery of delinquent taxes for any year, notice shall be given to the owner or owners of said property as is provided for in Article 7324 of the Revised Civil Statutes of Texas, 1925, as amended by Chapter 117, Page 196, Acts of the Forty-Second Legislature, Regular Session. The fees herein provided for shall not accrue to nor shall the various officers herein named be entitled thereto in any suit unless it be proved that notice has been given to the owner for the time and in the manner provided by law.

"In all cases, the compensation of said Attorney shall be Two ($2.00) Dollars for the first tract and One ($1.00) Dollar for each additional tract up to four (4), but said fee in no case to exceed Five ($5.00) Dollars. And provided, that in any suit brought against any individual or corporate owner, all past due taxes for all previous years on such tract or tracts shall be included; and provided, further that where there are several lots in the same addition or subdivision delinquent, belonging to the same owner, all said delinquent lots shall be made the subject of a single suit.

"All fees provided for the officers herein shall be treated as fees of office and accounted for as such, and said officers shall not receive nor retain said fees in excess of the maximum compensation

Hon. T. P. Buffington,  page 3

allowed said officers under the laws of this State;
and provided further that the County Attorney, Crim-
inal District Attorney or District Attorney shall
not be entitled to the fees herein provided for in
instances where such delinquent taxes are collected
under contracts between the Commissioners' Court and
others for the collection of such taxes, and in such
instances the fees herein provided for such officers
shall not be assessed nor collected.

"The Sheriff or Constable of the County in which
the suit is pending shall receive a fee of Two ($2.00)
Dollars in each case which will cover the service of
all process, and the selling of the property and
executing deeds for same.  If, in any such suit,
process is issued to be served in Counties other
than the one in which the suit is pending, the
Sheriff or Constable serving the same shall receive
a fee of One ($1.00) Dollar in each suit for his
services.

"The District Clerk shall receive a fee of Two
($2.00) Dollars in full for his services in each case.

"The County Clerk shall receive One ($1.00) Dollar
in full for his services in each case.

"Provided, that the fees herein provided for in
connection with delinquent tax suits shall constitute
the only fees that shall be charged by said officers
for preparing, filing, instituting, and prosecuting
suits on delinquent taxes and securing collection
thereof, and all laws in conflict herewith are hereby
repealed."

Art. 7333, V. A. C. S., provides:

"In each case such fees shall be taxed as costs
against the land to be sold under judgment for taxes,
and paid out of the proceeds of sale of same after
the taxes, penalty and interest due thereon are paid,
and in no case shall the State or county be liable
therefor."

Art. 7335, V. A. C. S., is as follows:

Hon. T. P. Buffington,   page 4

"Whenever the commissioners court of any county
after thirty days written notice to the county at-
torney or district attorney to file delinquent tax
suits  and his failure to do so, shall deem it neces-
sary or expedient, said court may contract with any
competent attorney to enforce or assist in the en-
forcement of the collection of any delinquent State
and county taxes for a per cent on the taxes, penalty
and interest actually collected, and said court is
further authorized to pay for an abstract of property
assessed or unknown and unrendered from the taxes,
interest and penalty to be collected on such land,
but all such payment and expenses shall be contin-
gent upon the collection of such taxes, penalty and
interest.  It shall be the duty of the county attor-
ney, or of the district attorney, where there is no
county attorney, to actively assist any person with
whom such contract is made, by filing and pushing
to a speedy conclusion all suits for collection of
delinquent taxes, under any contract made as herein
above specified; provided that where any district
or county attorney shall fail or refuse to file and
prosecute such suits in good faith, he shall not be
entitled to any fees therefrom, but such fees shall
nevertheless be collected as a part of the costs of
suit and applied on the payment of the compensation
allowed the attorney prosecuting the suit, and the
attorney with whom such contract has been made is
hereby fully empowered and authorized to proceed
in such suits without the joinder and assistance
of said county or district attorneys."

Art. 7335a, V. A. C. S., provides:

"Sec. 1.  No contract shall be made or entered
into by the Commissioners' Court in connection with
the collection of delinquent taxes where the compen-
sation under such contract is more than fifteen per
cent of the amount collected.  Said contract must
be approved by both the Comptroller and the Attorney
General of the State of Texas, both as to substance
and form.  Provided, however, the County or District
Attorney shall not receive any compensation for any
services he may render in connection with the per-
formance of the contract or the taxes collected
thereunder.

"Sec. 2.  Any contract made in violation of this
Act shall be void."

Hon. T. P. Buffington, page 5

Art. 7332, V. A. C. S. was last amended in 1931 by the 42nd Leg., 2nd C. S., p 31, Chap. 16.

Art. 7335, V. A. C. S. was last amended in 1923, Acts of the 3rd C. S., p 182.

Art. 7332, as amended, is a later statute than Art. 7335.

It will be noted that Art. 7335, referring to the fees of district and county attorneys, expressly provides that such fees shall nevertheless be collected as a part of the costs of suit and applied on the payment of the compensation allowed the attorney prosecuting the suit. Art. 7332, referring to such fees, expressly provides that the foregoing officials "shall not be entitled to the fees herein provided for in instances where such delinquent taxes are collected under contracts between the Commissioners' Court and others for the collection of such taxes, and in such instances the fees herein provided for such officers shall not be assessed nor collected."

Arts. 7332 and 7335 are statutes in pari materia regarding the assessment and collection of the above mentioned fees for district attorneys or county attorneys in delinquent tax suits.

It is stated in Tex. Jur., Vol. 39, p. 253:

"It is a settled rule of statutory interpretation that statutes which deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as 'in pari materia' (in relation to the same matter), although they contain no reference to one another, and although they were passed at different times or at different sessions of the Legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read and construed together, each enactment in reference to the other, as though they were parts of law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

Hon. T. P. Buffington,  page 6

> "The purpose of the in pari materia rule of
> construction is to carry out the full legislative
> intent, by giving effect to all laws and provis-
> ions bearing upon the same subject. It proceeds
> upon the supposition that several statutes relating
> to one subject are governed by one spirit and policy,
> and are intended to be consistent and harmonious in
> their several parts and provisions. The rule applies
> where one statute deals with a subject in comprehen-
> sive terms and another deals with a portion of the
> same subject in a more definite way. On the other
> hand, the rule is not applicable to enactments that
> cover different situations and which were apparently
> not intended to be considered together."

As heretofore stated, Arts. 7332 and 7335, regarding the
fees of county attorneys, criminal district attorneys, or dis-
trict attorneys in delinquent tax suits, are in pari materia and
it is impossible to reconcile them, as one statute expressly pro-
vides that such fees shall not be assessed nor collected, and the
other expressly provides that such fees shall nevertheless be
collected as part of the costs of the suit and applied on the
payment of the compensation allowed the attorney prosecuting
the suit. The older statute will be held to be repealed by
implication to the extent of the conflict. Under such circum-
stances, it is presumed that the Legislature intended to repeal
all laws or parts of laws clearly inconsistent with its later
Act. Generally speaking, an Act that is later in point of time
controls, repeals or supersedes an earlier Act insofar as the
two are inconsistent and irreconcilable, and both cannot stand
at the same time.

You are respectfully advised it is the opinion of this
department that Art. 7332, as amended, a later statute than Art.
7335, repeals or supersedes said Art. 7335 insofar as said statutes
conflict with reference to the assessing and collecting of fees for
county attorneys, criminal district attorneys, or district attor-
neys in instances where delinquent taxes are collected under
contract between the Commissioners' Court and others. You are
further advised that the fees provided for county attorneys,
criminal district attorneys, or district attorneys in delinquent
tax suits should not be assessed nor collected in cases where
delinquent taxes are collected under contract between the Com-
missioners' Court and others for the collection of such taxes.

Hon. T. P. Buffington,  page 7

        We now consider your second question regarding the
sheriff's fees in delinquent tax suits.  It will be noted
that Art. 7332 expressly provides that the sheriff or the
constable of the county in which suit is pending shall re-
ceive a fee of $2.00 in each case which will cover the ser-
vice of all process, and the selling of the property and
executing deeds for same.  You stated in your letter that
the defendant waived citation and that the sheriff per-
formed no service in the tax suit.  This being true, it is
our opinion that the $2.00 fee for the sheriff or constable
should not be assessed in this case, as there was no ser-
vice performed by either of them.  It is well established
in this State that before an officer is entitled to receive
fees or commissions, receipt thereof must have been pro-
vided for and the amount fixed by law; and he must have per-
formed the services for which compensation has been speci-
fied.  (See Tex. Jur., Vol. 34, p. 522, and the authorities
cited therein.)

                                Yours very truly,

                            ATTORNEY GENERAL OF TEXAS

                        By  Ardell Williams

                                Ardell Williams
                                    Assistant

AW:LJ



